[Civ. No. 3947.   Third Appellate District.—January 20, 1930.]

GEORGE BOWERS, as Administrator, etc., Appellant, v. O. O. PUTMAN et al., Respondents.   (Two Cases.)

Frank A. Duryea for Appellant.

A. A. King, Theodore W. Chester and Downey & Chester for Respondents.

PLUMMER, J.—The above-entitled actions are based upon a collision between two motor-cars, were tried before the court sitting without a jury, and upon a stipulation that both cases should be tried as one, and that the evidence should apply to both cases, so far as applicable. Findings of fact and conclusions of law were made and judgments entered in both cases for the defendants. From the respective judgments the plaintiff in both cases prosecutes the appeals now being considered herein.

The first action is for damages on account of the death of Alice Alma Lubman caused by the collision referred to herein. The second action is for the sum of $1250 alleged to be the damages to the automobile belonging to the plaintiff. The answer, among other things, presents the question of contributory negligence.

Upon the appeals herein the plaintiff presents in both cases, as grounds for reversal, the following: First, insufficiency of the evidence to justify the decision; second, that the decision is against law.

So far as the authorities cited by the appellant to sustain his appeals in the respective cases are concerned, we may state that a consideration of them fully sustains the position taken by the appellant that where a conflict of the testimony is relied upon in answer to the assignment that the evidence is insufficient to support a verdict, it must appear that the conflict is substantial. As we read the record in this case, the correctness of the authorities cited, based upon the facts of the respective cases being considered, the respondents do not take issue with the appellant. It being conceded that the law requires a substantial conflict, and not merely the semblance of a conflict, and that the conflict must be upon some question which goes to the real

merit of the issues presented, and not to immaterial questions, we will proceed with the consideration of the first assignment as to the insufficiency of the evidence to justify the decision of the trial court in the respective cases.

The record shows that on or about the hour of 6 o'clock in the afternoon of July 30, 1926, one Homer A. Bowers was driving westward on a highway leading from Colusa to Williams, in the county of Colusa, the automobile driven by him being known as a "Willys-Knight." The deceased, Alice Alma Lubman, was one of three women riding in said Willys-Knight car, and was killed in the collision involved in this action. It is alleged in the pleadings that as Homer A. Bowers was driving said Willys-Knight in a westerly direction, that a "Graham" truck driven by Wayne Crowell, and belonging to the other defendants named, was so carelessly and negligently operated that it collided with the Willys-Knight car, resulting in the death of said Alice Alma Lubman, and the damage to the Willys-Knight car. . The testimony shows that just prior to the collision there was another truck preceding the Willys-Knight car, and traveling in the same direction, at a distance of from 75 to 100 feet in advance thereof; that the Graham truck, traveling in the opposite direction, met the truck so preceding the Willys-Knight car, both trucks traveling on their respective right-hand halves of the paved highway; that almost instantly thereafter the collision occurred between the Graham truck and the Willys-Knight car. The testimony shows that the paved portion of the highway was approximately 15 feet in width. It is contended on the part of the plaintiff that upon the meeting of the two trucks the defendant, Wayne Crowell, the driver of the Graham truck, recognized the driver of the other truck and turned to wave his left hand in salutation or as a sign of recognition, and that as he did so he turned the steering-wheel so as to propel the truck in a direction toward the left-hand half of the paved portion of the highway, and in so doing caused the Graham truck to collide with the Willys-Knight car. The testimony tends to show that the left-hand front of the Graham truck collided with the Willys-Knight car a short distance in front of the rear left wheel. The Willys-Knight car was turned over; Alice Alma Lubman was thrown

from the car and sustained injuries which resulted in her immediate death. On the part of the respondents it is contended that the Graham truck remained upon its proper right-hand half of the paved highway; that the Willys-Knight car, following the truck which we have heretofore mentioned, had swerved to the left, and that the driver thereof had endeavored to bring the car back to its proper right-hand side, and thus gave the Willys-Knight car a position on the highway slightly diagonal to the direction of the westerly course of the highway, and at this instant of time it was struck by the Graham truck.

As it appears in the transcript, it would seem that the testimony in favor of the appellant preponderates somewhat over the testimony introduced by the defendants, and if the court had found in favor of the plaintiff in both cases, the transcript would have contained sufficient evidence to sustain the judgments in favor of the plaintiff. On the other hand, we may state that if the trial court believed the testimony of Wayne Crowell, the driver of the Graham truck, and which the trial court had a right to accept as the true version of the accident, then and in that case there is nothing presented to us upon which to base an order of reversal. The testimony of the driver of the Graham truck is to the effect that he was on his own proper right-hand side of the paved portion of the highway; that immediately after the two trucks had gone on their respective courses, the Willys-Knight car loomed up in front of him on his left-hand side, and on the wrong side of the highway—that is, on the wrong side of the dividing line—and in this manner the two cars collided. If this is true, the Willys-Knight car was where it should not have been, and the owners of the Graham truck are not liable. The transcript contains evidence to the effect that a deputy sheriff and the traffic officer visited the scene of the collision shortly after its occurrence, and testified to certain marks on the highway, indicating that from a point south of the medial line of the paved portion of the highway were tracks indicating that the impact between the two cars was on that half of the highway where the Graham truck properly belonged, and that from these marks there were automobile tracks leading off to the right to the place where the Graham truck finally came

to a standstill against the embankment of a ditch to the south of the highway, and on the right-hand side as the Graham truck was traveling eastward, and that from the same marks on the highway there were automobile tracks to the right and to the north of the paved portion of the highway toward where the Willys-Knight car finally stopped. The transcript shows much contention as to whether the marks to which we have referred were made by the Willys-Knight car or by the truck. That was one of the disputed questions for the court to decide. It appears that the traffic officer revisited the scene the next morning and found the tracks just as he had found them the evening before. One of the witnesses who examined the tracks made a memorandum of what he saw on his visit immediately after the collision, and refreshed his memory therefrom at the trial which was had a little over a year thereafter. This testimony is all contradicted by a number of witnesses for the plaintiff, but it only raises a conflict. The vital issue to be determined was the point on the paved portion of the highway where the impact occurred. If it occurred to the south of the medial line, the owners of the Graham truck were not and are not responsible. If it occurred to the north of the medial line, the judgments should have run in favor of the plaintiff. Upon the testimony to which we have referred, the trial court, if it accepted the version given by the defendants' witnesses rather than that given by the plaintiff's witnesses, could only enter judgments as it did.

The foregoing shows that the conflict in the testimony was and is substantial, and involves directly the material facts presented for decision, and having been resolved in favor of the respondents, the judgments in both cases must be and are affirmed.

Thompson (R. L.), J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 19, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 20, 1930.

All the Justices concurred.